IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LORA BRANCH-ROPER ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 23-CV-280-RAW-DES |
| ) | |
| SAFECO INSURANCE COMPANY OF ) | |
| AMERICA, ) | |
| ) | |
| Defendant/Counter-Plaintiff. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff and Counter-Defendant, Lora Branch-Roper's ("Plaintiff") Motion to Dismiss Defendant's Counterclaim. (Docket No. 16). On October 2, 2023, United States District Judge Ronald A. White referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72. (Docket No. 14). For the reasons set forth below, the undersigned Magistrate Judge recommends Plaintiff's Motion to Dismiss be DENIED.

I.   Background

This case arises out of Plaintiff's Petition filed in the District Court of Marshall County Oklahoma in which Plaintiff alleges that despite having insurance coverage on her home through Safeco Insurance Company of America, a Limited Mutual Company ("Defendant"), Defendant denied coverage for the significant water damage to her home as a result of her home's plumbing system. (Docket No. 2-2 at 1). Following removal from State Court to this Court, Defendant filed a Counterclaim for Declaratory Judgment, arguing that contained within the Safeco homeowner's policy at issue in this case was an exclusion to coverage for water damage from sewers or drains located off the residence premises. (Docket No. 10 at 2). Plaintiff now seeks to dismiss the

1

Counterclaim for Declaratory Judgment, arguing that declaratory relief may be inappropriate when a determination of the breach of contract claim will sufficiently and effectively resolve the issues presented in the matter. (Docket No. 17 at 2). The undersigned Magistrate Judge disagrees.

II.     Analysis

In her brief in support of her Motion to Dismiss Counterclaim, Plaintiff argues that declaratory judgments are within the discretion of the courts to entertain, rather than an obligation for the courts to issue. (Docket No. 17 at 1-2). She then goes on to argue that "[a] federal court generally should not entertain a declaratory judgement action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding." *Id.* at 2 (citing *Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir.1989)). However, the Tenth Circuit in *Kunkel* affirmed the district court's exercise of jurisdiction under the Declaratory Judgment Act, noting that "a court in the exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." *Id.* at 1269. This is precisely the case before the Court. Here, Plaintiff alleges breach of contract and breach of the duty of good faith and fair dealing for failing to pay all her claim, and Defendant seeks declaratory relief to clarify the policy coverage pursuant to 28 U.S.C. § 2201(a).

Plaintiff further argues that the declaratory action and the relief sought "serves no useful purpose[]" since it does not alter the rights and obligations of the parties. (Docket No. 17 at 2). Rather, the counterclaim is "duplicative and redundant of the relief already sought" by Plaintiff in her underlying action. *Id.* at 2-3. However, federal courts "have already considered and rejected [Plaintiff's] argument that a counterclaim for declaratory relief on an insurance policy is somehow 'duplicative' of an insured's underlying claims for breach of contract and/or bad faith." (Docket

No. 18 at 4). "[A] counterclaim seeking a declaratory judgment is not duplicative or redundant if it asserts an independent case or controversy which would remain viable after a dismissal of the plaintiff's claim." *Prograde Ammo Grp. LLC v. Perry*, No. 14-CV-00884-PAB-MEH, 2015 WL 1064266, at *3 (D. Colo. Mar. 9, 2015). Thus, a defendant "ha[s] every right to seek a judgment declaring that their interpretation of the contract is the correct one." *Blue Cross & Blue Shield of Kansas, Inc. v. St. Paul Mercury Ins. Co.*, No. 89-4114-R, 1990 WL 41403, at *1 (D. Kan. Mar. 23, 1990).

Furthermore, this is not a "mirror image" counterclaim because Plaintiff did not seek declaratory relief in her underlying Petition. *See, e.g., Green Bay Packaging, Inc. v. Hoganson & Assoc., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (striking a "mirror image" counterclaim for declaratory relief on the grounds that it was repetitious and unnecessary). Plaintiff claims Defendant failed to pay benefits under the policy, while Defendant's counterclaim seeks judicial determination that the policy it issued provides no coverage for Plaintiff's damages. These are not the same claims reversed, rather, Defendant is seeking declaratory relief on the subject insurance claim affirmatively which would survive even if Branch-Roper were to dismiss any or all her claims. Accordingly, Defendant's Counterclaim is appropriate, and the undersigned Magistrate Judge hereby recommends Plaintiff's Motion to Dismiss be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 7th day of April, 2024.

_____
D. Edward Snow
United States Magistrate Judge